11-2507-cv
Wadena Pyatt and Bang Hitz Publishing v. Usher Raymond, IV, AKA Usher, et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**AMENDED SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9ᵗʰ day of February, two thousand twelve,

PRESENT: RICHARD C. WESLEY,
         PETER W. HALL,
         SUSAN L. CARNEY,
              *Circuit Judges.*

_____

WADENA PYATT, BANG HITZ PUBLISHING,

         *Plaintiffs - Appellants,*

         *- v. -*                              11-2507-cv

USHER RAYMOND, IV, AKA USHER, ALICIA AUGELLO COOK, AKA ALICIA KEYS, KRUCIAL KEYS, INC., JEFFREY ROBINSON, MBK ENTERTAINMENT, INC., SONY BMG MANAGEMENT CO. LLC, SONY MUSIC ENTERTAINMENT DIGITAL, LLC., ZOMBA RECORDING LLC, ARISTA RECORDS INCORPORATED, LA FACE RECORDS, INC., EMI MUSIC PUBLISHING, INC., JERMAINE DUPRE MAULDIN, AKA JERMAINE DUPRE, MAURICE RYAN TOBY, AKA RYAN TOBY, ANDRE HARRIS, VIDAL DAVIS, JASON BOYD, DOMINIQUE MURO, EMI APRIL MUSIC, INC., PLADIS MUSIC, INC., C. SILLS PUBLISHING, INC., HITCO MUSIC PUBLISHING LLC, DIRTY DRE MUSIC/UNIVERSAL PUBLISHING INC., DOUBLE OH EIGHT MUSIC/UNIVERSAL PUBLISHING, INC., POO BZ PUBLISHING, INC., SONY BMG, SONY MUSIC ENTERTAINMENT, INC., SONY/ATV MUSIC PUBLISHING, LLC, UNIVERSAL MUSIC CORP., SONY/ATV TUNES, LLC,
         *Defendants- Appellees*

_____

FOR APPELLANTS:    ROBERT PRITCHARD (Anthony J. Gallo, *on the brief*), Gallo & Associates, PLLC, Plainview, NY

FOR APPELLEES:    JOHN J. ROSENBERG, Rosenberg & Giger, P.C., New York, NY.
*Alicia Augello Cook aka Alicia Keys & Krucial Keys, Inc., et al.*

FOR APPELLEES:    JONATHAN D. DAVIS, P.C., New York, NY
*Usher Raymond, Sony BMG Management, Co., et al.*

FOR APPELLEES:    CHRISTINE LEPERA, Mitchell Silberberg & Knupp LLP, New York, NY.
*Jason Boyd, Hitco Music Publishing LLC & Poo BZ Publishing, Inc.*

FOR APPELLEES:    DOROTHY M. WEBER, Shukat Arrow Hafer Weber & Herbsman, LLP, New York, NY.
*Jeffrey Robinson, MBK Entertainment, Inc., EMI Music Publishing, Inc., Maurice Ryan Toby aka Ryan Toby, EMI April Music, Inc., and Pladis Music, Inc.*

Appeal from the United States District Court for the Southern District of New York (McMahon, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED.**

Plaintiffs-Appellants Wadena Pyatt and Bang Hitz Publishing appeal from a judgment of the United States District Court for the Southern District of New York

(McMahon, *J.*), dismissing their complaint pursuant to Rule 12(b)(6).  We assume the parties' familiarity with the underlying facts and procedural history.

We review *de novo* a district court's dismissal pursuant to a Rule 12(b)(6) motion.  In this case, we affirm for the well-stated reasons of the court below.  The originally registered copyrights and Usher's "Caught Up" have little in common beyond the title and the phrase "Caught Up."  The songs are lyrically and musically distinct and the district court correctly concluded that the claim failed the ordinary observer test.  *See Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 111 fn. 3 (2d Cir. 2001).

We also affirm because we agree with the district court's interpretation of the complaint as alleging copyright infringement only with respect to the originally copyrighted works.  Appellants contend the district court misconstrued the complaint when it held that the subsequently registered works (those registered after filing of the complaint and after Defendants' motions to dismiss were filed) were incorporated in Appellants' copyright infringement claims.  The complaint's broad references to "materials," "works," and "versions" are simply insufficient to bring post-complaint registrations within the scope of

the complaint's allegations.  This is so especially because the "Copyright Act . . . requires copyright holders to register their works before suing for copyright infringement."  *Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237, 1241 (2010) (citing 17 U.S.C. § 411(a)).

Appellants claim that the court, in interpreting the complaint, should have considered certain documents that Appellants attached to their opposition to Defendants' motions to dismiss.  These documents (lyric sheets and expert reports regarding subsequently registered works) were not attached to or integrated into the complaint, or incorporated therein.  The district court did not err by declining to examine them.   *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010).

Finally, we affirm the district court's denial of Appellants' motion for leave to amend the complaint. We review *de novo* denials of motions to amend based on a determination that amendment would be futile.  *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011).  Amendment under rule 15(a) was futile in this case because only an allegation that Defendants infringed on Appellants' newly-registered copyrights could have potentially allowed Appellants to state a claim for

4

relief.  Appellants' proposed amended complaint failed to allege these new copyrights and Appellants did not move for leave to file a supplemental pleading, *see* Fed. R. Civ. P. 15(d).  In the face of this inaction, the district court had no duty to order *sua sponte* further amendment or supplementation.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk